# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LAWRENCE LEE JONES,**

    Petitioner,

v.                                  Case No. 4:14cv65-WS/CAS

**JULIE L. JONES, Secretary,
Department of Corrections,**[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On April 4, 2014, Petitioner Lawrence Lee Jones, an inmate proceeding pro se, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 6.  On September 19, 2014, Respondent filed a response, with exhibits.  ECF No. 16.  On November 17, 2014, Petitioner filed a reply, with exhibits.  ECF No. 19.

---

[1] The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews.  Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

## Procedural Background

On October 17, 2011, while incarcerated at Taylor Correctional Institution Annex, Petitioner received a disciplinary report from Officer Winstead for disorderly conduct.  ECF No. 16, Ex. B at 1.  Prison officials provided Petitioner with notice of these charges on October 18, 2011.  *Id.*  Petitioner declined staff assistance, gave a statement about the incident, and requested that witness statements be collected.  *Id.* at 5.  Each witness contacted by the Investigator signed a voluntary refusal, not giving any written statement.  *Id.* at 6-9.  On October 20, 2011, a disciplinary hearing was held, and Petitioner was found guilty of disorderly conduct.  *Id.* at 13.  Specifically, the disciplinary team found as follows:

> The team finds inmate Jones guilty based on the specific statement of facts by Mr. Winstead in Section I as follows: ". . . I was in the law library and observed inmate Jones, Lawrence DC# 077137 being disruptive and waiving [sic] his hands around in the law library.  I then gave inmate Jones three verbal orders to stop this behavior, to which he did not comply.  After the third time I notified education security officer S. Gray of the incident."  It should be noted that all witness statements and investigative facts were read and considered.  Inmate Jones was furnished with a copy of the team findings.

*Id.* at 13.  Petitioner was given thirty days in administrative confinement and did not forfeit any gain time.  *Id.*

Petitioner filed several informal grievances, formal grievances, and administrative appeals associated with the disciplinary hearing.  ECF No.

16, Ex. C. On January 3, 2012, Petitioner filed a petition for writ of mandamus in state court. ECF No. 16, Ex. D. In this petition, Petitioner alleged that he was denied due process in that: (1) the statement of facts did not support the charge of disorderly conduct; (2) the disciplinary report was unconstitutionally vague; (3) the investigating officer did not collect all of Petitioner's requested witness statements; (4) the investigating officer did not assist Petitioner with the collection of evidence and statements; (5) the disciplinary team did not postpone the hearing and allow Petitioner to collect his requested witness statements; (6) the disciplinary team found Petitioner guilty without any evidence to support a rule infraction; (7) the disciplinary team did not state a reason for finding Petitioner guilty and sentencing him to thirty days in confinement; and (8) the disciplinary team did not provide Petitioner with a written copy of its findings. *Id.* at 9-12. On March 9, 2012, the Department of Corrections filed a response. *Id.* at 41.

On October 17, 2012, the state court dismissed in part and denied in part Petitioner's mandamus petition. *Id.* at 48. The state court found that Petitioner did not exhaust his administrative remedies with respect to his claims that the investigating officer did not assist in collecting witness statements, and that the statement of the facts was unconstitutionally vague. *Id.* at 43. Specifically, the court found that Petitioner filed his

mandamus petition before receiving the response to his administrative appeal regarding these claims. *See id.* at 1 (Petitioner filed mandamus petition on January 3, 2012); *see also* ECF No. 16, Ex. C at 21 (response to administrative appeal dated January 4, 2012). With respect to Petitioner's due process claims, the state court found that because Petitioner did not lose any gain time, he did not show a "significant deprivation in which a State might conceivably create a liberty interest." ECF No. 16, Ex. D at 45 (citing Sandin v. Conner, 515 U.S. 472, 485 (1995)). Therefore, Petitioner was not entitled to due process protections. *Id.* Regardless, the state court found that Petitioner had been afforded the minimum due process protections for prison disciplinary hearings as set out in Wolff v. McDonnell, 418 U.S. 539 (1974). *Id.* at 46.

On November 14, 2012, Petitioner filed a petition for writ of certiorari in the First District Court of Appeal (DCA), seeking review of the state court's denial of his mandamus petition. ECF No. 16, Ex. E. The First DCA converted the petition for writ of certiorari into an appeal. *Id.* at 46. After each party filed a brief, the First DCA affirmed the state court's decision per curiam without a written opinion on October 10, 2013. *Id.* at 117. The mandate issued on December 27, 2013. *Id.* at 119; Jones v. Dep't of Corr., 126 So.3d 1060 (Fla. 1st DCA 2013) (table).

As indicated above, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 6.  Petitioner raises four grounds: (1) Petitioner was denied due process when the investigator did not collect all of Petitioner's requested witness statements; (2) Petitioner was denied due process when the disciplinary team did not postpone Petitioner's hearing in order to collect the other witness statements; (3) Petitioner was denied due process when the disciplinary team did not give Petitioner a written copy of its findings of fact and evidence relied upon; and (4) Petitioner was denied due process when the disciplinary team did not state its findings of fact and evidence relied upon in writing.  *Id.*  Respondent filed a response and Petitioner filed a reply, both with exhibits.  ECF Nos. 16, 19.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

### 1. Liberty Interest

The Supreme Court of the United States has held that "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for a crime." Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prisoners may "claim the protections of the Due Process Clause." Id. at 556 (citation omitted).  Nevertheless, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions." Id.  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such

proceedings does not apply." Id.  Although States may create liberty interests that are protected by the Due Process Clause, "those interests will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 472.

The state court found that Petitioner did not show a "significant deprivation in which a State might conceivably create a liberty interest." ECF No. 16, Ex. D at 45 (citing Sandin, 515 U.S. at 485).  This finding is entitled to deference.  Cullen, 563 U.S. at 181.

The record supports the state court's findings.  Petitioner was placed in disciplinary confinement for thirty days and did not forfeit any gain time. This punishment is not an "atypical and significant" hardship as described by Sandin.  Id. at 473 (finding that a prisoner being placed into segregated confinement for thirty days "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); Smith v. Reg'l Dir. Fla. Dep't of Corr., 368 F. App'x 9, 13 (11th Cir. 2010) (finding that dismissal of due process claim was proper when an inmate's punishment resulted in fifteen and thirty day confinements); Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998) (holding that an inmate who was

in administrative confinement for two months "was not deprived of a constitutionally protected liberty interest").

In his reply, Petitioner argues that his punishment was "atypical and significant" because the disciplinary action affected his eligibility for parole. ECF No. 19, Ex. E-9. Specifically, Petitioner argues that "unsatisfactory institutional conduct" was listed as a basis for extending his Presumptive Parole Release Date (PPRD). *Id.* Although his institutional conduct was a factor in the Parole Commission's decision to extend his PPRD, the Commission listed other factors including: (1) use of a firearm; (2) escalating pattern of criminal conduct; (3) physical and psychological trauma; (4) multiple separate offenses; and (5) risk. *Id.* Further, Petitioner also received a separate disciplinary report a year after the instant report that could have contributed to his "unsatisfactory institutional conduct." *Id.* The instant disciplinary report, although a factor in the Parole Commission's determination, did not cause Petitioner's PPRD to be extended. See Sandin, 515 U.S. at 473 (finding that the effect of a prisoner's misconduct on his parole status was "too attenuated to invoke the Due Process Clause"). Further, the Supreme Court of the United States has found that even disqualification from parole consideration may not be sufficient, on its own, to create a liberty interest. Wilkinson v. Austin,

545 U.S. 209, 224 (2005) (finding that disqualification from parole consideration along with indefinite confinement *together* imposed "an atypical and significant hardship within the correctional context"). Accordingly, Petitioner's punishment was not an atypical and significant hardship that could invoke the protections of the Due Process Clause.

### 2. Due Process

Even if Petitioner's Fourteenth Amendment claims were cognizable, he would not be entitled to relief. The Supreme Court of the United States, in Wolff, set out the standard for due process in disciplinary proceedings. Wolff, 418 U.S. at 540. The inmate must receive "[a]dvance written notice of charges," there must be "a written statement by the fact finders as to the evidence relied on and reasons for []the disciplinary action[]," and the inmate "should be allowed to call witnesses and present documentary evidence." *Id.* (citation omitted).

The state court found that Petitioner was afforded due process in accordance with these requirements. ECF No. 16, Ex. D at 46. This finding is entitled to deference. Cullen, 563 U.S. at 181.

The record supports the state court's findings. Petitioner was delivered written notice of the charges on October 18, 2011, and the hearing was held at least twenty-four hours after delivery. ECF No. 16, Ex.

B at 1.  The disciplinary team created a written statement explaining the evidence relied upon and the reasons for disciplinary action.  *Id.* at 13.  Petitioner was also allowed to call witnesses and present documentary evidence.  He did call witnesses and he chose not to produce any documentary evidence.  *Id.* at 4-5, 11.  Accordingly, Petitioner was afforded the minimum due process requirements, even though he was not entitled to them.  Despite this finding, this Court will, for the sake of completeness, address each ground of Petitioner's § 2254 petition.

**Ground 1 – Petitioner was Denied Due Process When the Investigator Did Not Collect All of Petitioner's Requested Witness Statements.**

Petitioner argues that he was denied due process because the investigator did not collect all of Petitioner's requested witness statements.  ECF No. 6 at 15.  Petitioner requested witness statements from all inmates in the law library at the time of the incident, but the investigator collected only five statements.  *Id.*  Petitioner is not entitled to due process based on his punishment, and collecting all witness statements is not a due process requirement set out in Wolff.  Regardless, the investigator followed Florida Administrative Code procedures.  Fla. Admin. Code R. 33-601.305(3) ("If the inmate requests a large group of inmates as witnesses (e.g. an entire

dorm), the investigating officer will interview a random sample of the requested witnesses.").

**Ground 2 – Petitioner was Denied Due Process When the Disciplinary Team Did Not Postpone Petitioner's Hearing in order to Collect the Other Witness Statements**

Petitioner argues that he was denied due process because the disciplinary team did not follow procedures when it did not postpone his hearing so he could collect the other witness statements. ECF No. 6 at 16. Petitioner is not entitled to due process based on his punishment, and postponing a disciplinary hearing to collect witness statements is not a due process requirement set out in Wolff. Regardless, the team's refusal to postpone appears to be in accordance with Florida Administrative Code procedures. *See* Fla. Admin. Code R. 33-601.307(3)(e) (stating that a request for an additional, unlisted witness will be granted if: (1) the inmate makes the request at the hearing; (2) the expected testimony is material, relevant, and non-repetitive; and (3) the inmate presents "extraordinary circumstances which prevented him from naming the witness during the investigation"). There is no indication that Petitioner met all of these requirements at the hearing. Accordingly, the disciplinary team's refusal was not in violation of these procedures.

**Ground 3 – Petitioner was Denied Due Process When the Disciplinary Team Did Not Give Petitioner a Written Copy of its Findings of Fact**

Petitioner argues that he was denied due process because the disciplinary team did not give him a written copy of its findings of fact.  ECF No. 16 at 17.  Petitioner is not entitled to due process based on his punishment, and providing a written copy of findings of fact is not a due process requirement set out in Wolff.  Wolff requires that the disciplinary team create a written statement of its findings of fact and the evidence relied upon for its conclusion, but it does not require that the statement be provided to the inmate.  See Wolff, 418 U.S. 539.  Regardless, the disciplinary team's written statement indicates that Petitioner was given a copy of the team's findings.  ECF No. 16, Ex. B at 13.

**Ground 4 – Petitioner was Denied Due Process When the Disciplinary Team Did Not State its Findings of Fact in Writing**

Petitioner argues that he was denied due process when the disciplinary team did not state its findings of fact in writing.  ECF No. 6 at 18.  Although Petitioner is not entitled to due process based on his punishment, a written statement of the disciplinary team's findings of fact is a due process requirement set out in Wolff.  Nevertheless, as indicated

above, the disciplinary team created a written statement of its findings of fact and the evidence relied upon.  ECF No. 16, Ex. B at 13.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

Therefore, it is respectfully **RECOMMENDED** that Petitioner's amended § 2254 petition, ECF No. 6, be **DENIED**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and leave to proceed in forma pauperis be **DENIED**.  The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2016.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**